IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSIAH RICHARD FIERRO,

     **Plaintiff,**

 **v.**                                                                                   **No. 13-cv-0341 SMV**

CAROLYN W. COLVIN,
Acting Comm'r of SSA,

     **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision [Doc. 17] and Memorandum in Support [Doc. 18] (collectively, "Motion"), filed on December 16, 2013. The Commissioner responded on February 10, 2014. [Doc. 19]. Plaintiff replied on March 10, 2014. [Doc. 20]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards in evaluating Dr. Berkowitz's opinion. Furthermore, the Court finds that the residual functional capacity ("RFC") assessment is not supported by substantial evidence and that the ALJ failed to apply the correct legal standards in evaluating Plaintiff's drug abuse. Therefore, the Motion will be granted, and the case will be remanded for further proceedings consistent with this opinion. *See* 42 U.S.C. § 405(g) (sentence four).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008).  If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).  Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner.  *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118.  The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.*  While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481.  This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

[the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## I.     Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity;" *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

residual functional capacity ("RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

## II.      Procedural Background

Plaintiff has a long history of mental illness and drug abuse.  *See* Tr. 16–27.  He applied for a period of disability, disability insurance benefits, and supplemental security income on August 24, 2009.  Tr. 11.  Plaintiff alleged a disability-onset date of July 1, 2008.  *Id.*  His claims were denied initially and on reconsideration.  *Id.*  Plaintiff requested a hearing before an ALJ.  *Id.*  ALJ Ann Farris held a hearing on May 30, 2012, in Albuquerque, New Mexico.  *Id.* Plaintiff appeared in person with his attorney, Michael Armstrong.  Tr. 11, 34.  The ALJ took testimony from Plaintiff and an impartial vocational expert ("VE"), Mary Diane Weber.  Tr. 11, 38.

The ALJ issued her unfavorable decision on June 25, 2012.  Tr. 11–33.  At step one, she found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 13.  Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two.  *Id.*  There, she found that Plaintiff suffered from the following severe impairments:    "polysubstance dependence; substance induced mood disorder;[3] personality disorder with anti-social traits; and panic disorder with agoraphobia."[4]  Tr. 13–15.

---

[3] Although the issue was not raised by the parties, the Court finds that there is no evidence to support the ALJ's finding of *substance-induced* mood disorder at step-two.  The records described in the ALJ's decision reflect that Plaintiff was diagnosed with bipolar disorder or major depressive disorder by numerous providers over an eight-year period.    Tr. 14–25.    No record described in the ALJ's decision supports a finding that these mood disorders are "substance induced." *See id.; Lax*, 489 F.3d at 1089 ("[A]n ALJ cannot substitute her lay opinion for that of a medical professional.").  This error is worth mentioning because it appears to be related to the error described below in failing to apply the correct legal standards to evaluation of Plaintiff's drug abuse.

[4] The ALJ also found that Plaintiff suffered from the following non-severe impairments:  obesity, ischemic heart disease, and angina.  Tr. 14.

At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  Tr. 15–16.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC.  Tr. 16–27.  "[Plaintiff] has the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations:  no contact with the public, occasional superficial contact with co-workers and supervisors.  No production pace requirements."  Tr. 16.  She expressly found that the RFC was contingent on Plaintiff's treatment compliance and abstinence from drug abuse.  Tr. 26 ("[Plaintiff] retains the capacity to perform work with the restrictions [outlined in the RFC] when he complies with his treatment and refrains from abusing drugs.").

At step four, the ALJ found that Plaintiff could return to his past relevant work as a tire buster.  Tr. 27.  Accordingly, the ALJ found that Plaintiff was not disabled as defined by the Social Security Act, and she denied the claims.  Tr. 28.  The Appeals Council denied Plaintiff's request for review on February 7, 2013.  Tr. 1−5.  Plaintiff timely filed the instant action on April 11, 2013.  [Doc. 1].

### III.    Analysis

The Motion will be granted, and the case will be remanded to the Commissioner on three grounds.  First, the ALJ failed to apply the correct legal standards in evaluating the opinion of a treating physician, Dr. Berkowitz.  Second, the RFC assessment is not supported by substantial evidence because it is contingent on facts that are not in the record.  Finally, and relatedly, the ALJ failed to apply the correct legal standards in evaluating Plaintiff's drug abuse.

Although Plaintiff alleges other errors, the Court need not reach them.  The other errors may be rendered moot by reconsideration of Dr. Berkowitz's opinion, the RFC assessment, and Plaintiff's drug abuse.

A.  <u>The ALJ failed to apply the correct legal standards<br>in evaluating Dr. Berkowitz's opinion.</u>

Plaintiff contends that the ALJ failed to apply the correct legal standards in evaluating Dr. Berkowitz's opinion.  [Doc. 18] at 11–17.  The Commissioner disagrees and argues that the ALJ properly considered Dr. Berkowitz's opinion.  [Doc. 19] at 4–8.  Plaintiff is correct, and remand is warranted.

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record.   20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2).  This is known as the "treating physician rule."  *Langley*, 373 F.3d at 1119.  The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight.  *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

Treating physician opinions—in order to receive controlling weight—must be both supported by medical evidence and consistent with the record.  If not, the opinions may not merit controlling weight but still must be given deference and must be weighed using the following six factors:

6

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c).  However, not every factor is applicable in every case, nor should all six factors be seen as absolutely necessary.  What is absolutely necessary, though, is that the ALJ give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight that she ultimately assigns to the opinions.  *Langley*, 373 F.3d at 1119; *see* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).

In sum, when properly rejecting a treating physician's opinion, an ALJ must follow two phases.  First, the ALJ must find that the opinion is not supported by medical evidence and/or is not consistent with the record.  Second, the ALJ must still give deference to the opinion and weigh it according to the factors listed above.  Like all findings, an ALJ's findings in these two phases must be supported by substantial evidence.

Here, the ALJ failed to follow either phase.  She made no finding as to whether Dr. Berkowitz's opinion was supported by medical evidence or was consistent with the record.  Similarly, the ALJ failed to adequately weigh Dr. Berkowitz's opinion according to the *Watkins* factors.  Instead, she rejected Dr. Berkowitz's opinion based, apparently, on one of the *Watkins* factors alone:  the frequency of examination.  *See* Tr. 27.

Although the ALJ's reasoning for rejecting Dr. Berkowitz's opinion is not entirely clear, it appears that, instead of making findings on the two phases of the treating physician analysis, she found that the opinion was not "well supported" because of the frequency with which Dr. Berkowitz himself—as opposed to other providers at his clinic—saw the Plaintiff. *See id.* The ALJ found that Dr. Berkowitz's "opinions are inconsistent with the treatment notes. They do not support frequent treatment of [Plaintiff] by Dr. Berkowitz. Although Dr. Berkowitz may have overseen [Plaintiff]'s treatment, the record reflects [that he] saw other caregivers such as Karen Barnes and Roberta Nicholson." *Id.* Although this finding may address one of the *Watkins* factors, it is insufficient to support rejection of the treating physician's opinion.

The Commissioner characterizes Plaintiff's challenge to the ALJ's rejection of Dr. Berkowitz's opinion as "essentially asking the Court to reweigh the evidence," which of course, it may not do. [Doc. 19] at 4. As Plaintiff correctly replies, *see* [Doc. 20] at 5–6, the argument is not one about the weight of evidence but, rather, about the application of the correct legal standard. The Court finds that the ALJ failed to apply the correct legal standard in evaluating Dr. Berkowitz's opinion.

The Commissioner further argues that, notwithstanding the treating physician rule, "the ALJ was [not] required to defer to Dr. Berkowitz's opinion regarding Plaintiff's RFC" because assessment of the RFC is reserved to the Commissioner. [Doc. 19] at 4–5. The Court is not persuaded. First, the Commissioner's argument conflates the functions of the treating physician and the ALJ in an apparent attempt to circumvent the treating physician rule. Second, published

Tenth Circuit law has expressly dismissed this argument as a "red herring." *Krauser v. Astrue*, 638 F.3d 1324 at 1331–32 (10th Cir. 2011).

Further, the Commissioner impliedly argues that the ALJ was entitled to reject Dr. Berkowitz's opinion because it was provided on a check-box form. [Doc. 19] at 5 (citing *Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987) ("[E]valuation forms, standing alone, unaccompanied by thorough written reports or persuasive testimony, are not substantial evidence.")). The Court does not agree. As Plaintiff correctly replies, *Frey* is not applicable to this case because *Frey* addressed a check-box form completed by a non-treating physician without any other supporting evidence. [Doc. 20] at 3 (citing *Andersen v. Astrue*, No. 05-4305, 319 F. App'x 712, 723 (10th Cir. April 3, 2009) (unpublished)). Dr. Berkowitz's opinion, in contrast, is a *treating* physician opinion that is supported by treatment notes, treatment plans, and other documentation. *See* Tr. 876–77, 902–10, 956–57, 1015–16, 1042–53, 1068–69. Besides, the question here is not whether Dr. Berkowitz's opinion can constitute substantial evidence to support an ultimate finding of disability or not, which is what *Frey* addressed. The question here is whether ALJ may reject Dr. Berkowitz's opinion merely because it was expressed on a form with check boxes. She may not do so.

Finally, the Commissioner refers to numerous portions of the record that she believes support the ALJ's finding that Dr. Berkowitz's opinion was not "well-supported." [Doc. 19] at 6–8. Plaintiff replies that the Commissioner's argument constitutes "an impermissible post hoc explanation[.]" [Doc. 20] at 4 (emphases omitted). Reviewing courts may only evaluate an ALJ's decision—based solely on the reasons stated in the decision and may not—supply[]

possible reasons for an ALJ's decision after the fact.  *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004).  A court may not make a―post hoc effort to salvage [an] ALJ's decision, because such an effort would thrust the court beyond its proper role of judicial review and into the exclusive domain of the administrative agency.  *Id.* at 1084–85.  This Court, therefore, may only consider the reasons provided by the ALJ herself and may not consider the post hoc support offered by the Commissioner.  Here, the ALJ failed to apply the correct legal standards in evaluating Dr. Berkowitz's opinion, and the Commissioner's impermissible post hoc explanation cannot remedy the error.

B.      The RFC is not supported by substantial evidence, and the ALJ failed to apply the correct legal standards in evaluating Plaintiff's drug abuse.

Although not raised by the parties, the Court is compelled to note two additional grounds for remand.  First, the RFC assessment is expressly contingent on Plaintiff's compliance with mental health treatment and abstinence from drug abuse.  Tr. 26 ("[Plaintiff] retains the capacity to perform work with the restrictions [outlined in the RFC] when he complies with his treatment and refrains from abusing drugs.").  However, the record does not address Plaintiff's functional limitation when he complies with treatment and refrains from abusing drugs.  *See* Tr. 17–27 (ALJ's summary of the medical evidence, which reflects consistent, ongoing drug abuse, other than a 21-day period in the fall of 2011 when Plaintiff was in a court-mandated drug treatment program at Turquoise Lodge Hospital when no functional limitation were assessed).  No record described in the ALJ's decision contains an assessment Plaintiff's functional limitations when treatment-complaint and sober.  Therefore, the RFC assessment—which is contingent on treatment compliance and abstinence from drug abuse—is

10

not supported by substantial evidence.  Although this error alone warrants remand, it is worth

noting that the error results from a failure to apply the proper legal standards for evaluating

Plaintiff's drug addiction.

Second, the ALJ failed to apply the correct legal standards in evaluating Plaintiff's drug

abuse.  There are special statutes and regulations governing drug and alcohol cases.  The

Contract with America Advancement Act of 1996, Pub. L. No. 104-121, 110 Stat. 848, 852

(enacted March 29, 1996) added an extra step to the five-step sequential evaluation for

claimants with drug and/or alcohol addiction.  The Act amended the Social Security Act to

provide that "[a]n individual shall not be considered to be disabled for purposes of this

subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing

factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C.

§ 423(d)(2)(C).

The Commissioner's implementing regulations set forth the analysis to be followed by

an ALJ in a case involving drug addiction:  "If we find that you are disabled and have medical

evidence of your drug addiction or alcoholism, we must determine whether your drug addiction

or alcoholism is a contributing factor material to the determination of disability."  20 C.F.R.

§§ 404.1535(a), 416.935(a).

The ALJ in this case did not apply the proper legal standards.  She was required first to

assess whether Plaintiff was disabled in his *current* state, i.e., abusing drugs and failing to

comply with mental health treatment.[5]  *See* §§ 404.1535, 416.935; *Drapeau v. Massanari*,

---

[5] This Court makes no finding on whether Plaintiff has been sober or treatment complaint.  Such finding is properly
reserved to the Commissioner.  However, it is clear from the ALJ's decision that she found Plaintiff was

No. 00-4074, 10 F. App'x 657, 662 (10th Cir. Mar. 22, 2001) (unpublished) ("[T]he ALJ failed to determine whether plaintiff was disabled prior to finding that alcoholism was a contributing factor material thereto. The implementing regulations make clear that a finding of disability is a condition precedent to an application of § 423(d)(2)(C)."). If she finds that he is disabled in his current state, then, she must determine whether his drug abuse is a "contributing factor material to [the finding of disability]." § 423(d)(2)(C). If ALJ Farris had found that Plaintiff was disabled in his current state, then—and only then—she would have determined whether his drug addiction was a "contributing factor material [to his disability]." This she did not do. Instead, she formulated an RFC that was contingent on Plaintiff's treatment compliance and sobriety, which of course cannot be supported by substantial evidence because none of the records described in the ALJ's decision evidenced Plaintiff's limitations while clean, sober, and treatment-complaint. On remand, the Commissioner must apply the proper legal standards in evaluating Plaintiff's drug addiction.

The other error alleged by Plaintiff—that the ALJ failed to explain why she rejected the opinions of consultative examiner Dr. Arizaga-Morales and non-examining psychiatrist, Dr. Mellon—may be affected on remand by reconsideration of Dr. Berkowitz's opinion, the RFC assessment, and Plaintiff's drug abuse. Therefore, the Court declines to address these alleged errors at this time.

---

continuously abusing drugs. *See, e.g.,* Tr. 24, 26. Accordingly, it was error for her to craft an RFC that was contingent on sobriety and treatment compliance.

## Conclusion

The Court will reverse the ALJ's decision and remand the case to allow the Commissioner to reevaluate Dr. Berkowitz's opinion and Plaintiff's drug abuse, including the RFC assessment.  On remand, the other alleged errors may be affected by application of the proper legal standards to Dr. Berkowitz's opinion and Plaintiff's drug abuse.  Therefore, the Court need not reach those alleged errors.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision [Doc. 17] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**